UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN T. WILLIAMS and
ANDREW M. THEEDE

                Plaintiffs,

    -vs.-

THE HOME DEPOT, U.S.A., INC.,

                Defendant.

**COMPLAINT**
**CIV. NO.:** 6:21 cv 6045

**JURY TRIAL DEMANDED**

---

Plaintiffs, Kevin T. Williams and Andrew M. Theede, by Sarkis Law Firm (Melanie L. Sarkis, Esq., of counsel), for their Complaint against the Defendant, Home Depot, U.S.A., Inc. allege as follows:

## PARTIES

1.    Plaintiff, Kevin T. Williams, ("Mr. Williams") is a resident the County of Ontario and State of New York.

2.    Plaintiff, Andrew M. Theede ("Mr. Theede") is also a resident of the County of Ontario and State of New York.

3.    Mr. Williams and Mr. Theede reside together as lawful spouses at 352 High Street, Victor, New York, 14564.

4.    Upon information and belief, and at all times relevant, Defendant Home Depot, U.S.A., Inc. ("Home Depot"), is a foreign business corporation authorized to conduct business in the State of New York.

5.    Upon information and belief, Defendant Home Depot is incorporated in the State of Delaware.

6.    Upon information and belief, Home Depot maintains a principal office located at 2455 Paces Ferry Road SE, Atlanta, GA 30339.

7.      Upon Information and belief, the New York State Department of State records indicate that the Home Depot has designated the Corporation Service Company, 80 State Street, Albany, New York 12207-2543 as its designated registered agent for service of process.

8.      At all times relevant, Home Depot is the owner of a retail business located at 7600 Commons Blvd., Victor, New York 14564.

9.      At all times relevant, Home Depot is the operator of a retail business located at 7600 Commons Blvd., Victor, New York 14564.

10.     At all times relevant, Home Depot was in control and authorized to control a retail business located at 7600 Commons Blvd., Victor, New York 14564.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) since there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

12.     This action has been commenced within all applicable statutes of limitations.

13.     Venue is proper in the Western District of New York, pursuant to 28 U.S.C. §1391, since a substantial part of the events or omissions giving rise to the claim occurred in the County of Ontario, State of New York, which is within the Western District of New York.

## FACTS

14.     On or about August 7, 2019, at approximately 5:45 p.m., Mr. Williams was a customer lawfully on the premises of the Home Depot store located at 7600 Commons Blvd. in Victor, New York.

15.     On the above date and time, Home Depot managed the retail business located at 7600 Commons Blvd., Victor, New York 14564.

16.     On the above date and time, Home Depot maintained the retail business located at 7600 Commons Blvd., Victor, New York 14564.

17.    On the above date and time, Home Depot controlled the retail business located at 7600 Commons Blvd., Victor, New York 14564.

18.    On the above date and time, Home Depot occupied the retail business located at 7600 Commons Blvd., Victor, New York 14564.

19.    On the above date and time, Home Depot was a tenant of the premises located at located at 7600 Commons Blvd., Victor, New York 14564.

20.    At the above-referenced date, time and place, Mr. Williams was a customer of Home Depot.

21.    At the above-referenced date, time and place, Mr. Williams was shopping in the indoor-plant department.

22.    At the above-referenced date, time and place, the floors in the aisles of the indoor plant area were dangerous and hazardous.

23.    At the above-referenced date, time and place, and while the store was open to customers, the floors in the indoor plant area were flooded with water or permitted to be flooded with a dangerous accumulation of water directly where customers, such as Mr. Williams, shopped.

24.    As a result of the dangerous accumulation of water on the floor, Mr. Williams fell and sustained serious personal injuries.

## FISRT CAUSE OF ACTION
### (Negligence)

25.    Plaintiffs repeat and reallege the foregoing paragraphs as if set forth herein.

26.    Upon information and belief, Home Depot, its employees and agents negligently, recklessly and carelessly caused or permitted the floor in the indoor plant area to become wet and flooded thereby creating a dangerous slip hazard.

27.    Upon information and belief, Home Depot was responsible to keep its store in a reasonably safe condition to customers.

28.    Upon information and belief, defendant failed to keep the indoor plant area in a reasonable and safe manner.

29.    As a result of the negligence and carelessness of Home Depot, the Mr. Williams was caused to slip and fall to the ground and sustain serious injuries.

30.    Upon information and belief, Home Depot knew or should have known that it caused or permitted the indoor plant area to become flooded and unsafe.

31.    On the above date and time, and at all times relevant, Home Depot, its employees and agents had actual and constructive notice of the dangerous condition that existed.

32.    Upon information and belief, Home Depot created a dangerous condition when it created or permitted a wet floor and flood to occur in the indoor plant area while open to customers, such as Mr. Williams.

33.    Upon further information and belief, Home Depot, through the negligence, carelessness and omissions of its agents, servants and employees, failed to inspect, warn, maintain and remedy the defective, unsafe and dangerous condition prior Mr. Williams' fall.

34.    As such, Home Depot failed to keep its premises in a reasonably safe condition for its customers, such as Mr. Williams.

35.    The amount of damages sought in this action exceed the jurisdictional limits of all lower courts.

36.    No negligence on the part of Mr. Williams contributed to this occurrence.

**SECOND CAUSE OF ACTION**
**(Loss of Consortium)**

37.    Plaintiffs repeat and reallege the foregoing paragraphs as if set forth herein.

38.    On August 7, 2019, Mr. Williams and Mr. Theede were legally married and remain married.

39.    As a result of the injuries sustained by Mr. Williams as a result of the negligence and

carelessness of the defendant and its agents, servants and employees, Mr. Theede has been deprived of the services and companionship of his husband.

40.     As a result of the foregoing, Mr. Theede has sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1.   Compensatory damages in the amount of Two Million Dollars ($2,000,000.00) on the first cause of action for Negligence.

2.   Compensatory damages in the amount of One Million Dollars ($1,000,000.00) on the second cause of action for Loss of Consortium.

3.   Costs, attorney's fees and such other and further relief as this Court may deem just and proper.

DATED: January 4, 2021

/s/ Melanie L. Sarkis
SARKIS LAW FIRM
Melanie L. Sarkis, Esq.
Attorney for the Plaintiffs
216 Fairport Village Landing
Fairport, New York 14450
msarkis@sarkislawfirm.com
Tel.: (585) 248-3999